[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2012
JOHN LEY
CLERK

_____

No. 11-13642
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00065-JDW-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ANTHONY SPAIN,
a.k.a. Chris Green,
a.k.a. Chris Greene,
a.k.a. David Brown,
a.k.a. Derrick Brown,
a.k.a. Greg Brown,
a.k.a. Greg Spain,
a.k.a. Gregg Spain,
a.k.a. Gregroy Spain,
a.k.a. Gregory Spain,
a.k.a. Greg Anthony Spain,
a.k.a. Kevin Brown,
a.k.a. Kevin Green,
a.k.a. Mike Brown,
a.k.a. Cuthbert Griffith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 6, 2012)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges

PER CURIAM:

Gregory Anthony Spain appeals his 480-month sentence, imposed after he was convicted of possession of a firearm by a convicted felon, attempting to affect commerce by robbery, and brandishing a firearm during a crime of violence. After a review of the record, we affirm.

On August 25, 2010, Spain attempted to rob a Family Dollar Store using a .38 caliber revolver. When the clerk refused to give Spain the money he demanded, Spain pointed the weapon at her and pulled the trigger twice. Both times the gun failed to fire. Spain took a gold chain from the neck of a loss-prevention officer and fled the store. He pawned the necklace for $65. About a week later, Spain was stopped by police for riding a bicycle without a headlight. After police matched him to the description of the Family Dollar robber, the police patted him down and tased him to prevent him from fleeing. The .38 revolver was in Spain's backpack.

Spain was charged by superseding indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e); attempting to affect commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2; and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. A jury convicted him of all three offenses.

The district court calculated Spain's sentencing guideline range by grouping the first two offenses together. The conviction for brandishing a firearm was not grouped because it carried a mandatory consecutive sentence under 18 U.S.C. § 924(c). Spain had a long history of violent offenses dating back to 1987 and based on this criminal record, Spain qualified as an armed career criminal and as a career offender under the guidelines. The resulting guideline range was 360 months to life imprisonment. By statute, Spain faced a mandatory 15-years' imprisonment for the § 922(g) offense, and a mandatory consecutive term of 7 years' imprisonment for the § 924(c) offense.

At sentencing, Spain requested a downward variance, noting his eleven dependants and his history of mental and emotional problems, which included a suicide attempt and a diagnosis of bipolar disorder and schizophrenia. He requested the statutory minimum of 22 years' imprisonment. Alternatively, he requested a 30-year sentence, which represented the low end of the guideline

range. The government requested that the court sentence Spain to the maximum life imprisonment. After considering the sentencing factors in 18 U.S.C. § 3553(a), Spain's criminal and personal history, and the nature of the offenses for which Spain was being sentenced, the court stated that it would impose a sentence that reflected the seriousness of the offenses, promoted respect for the law, protected the public, and acted as a deterrent. With that in mind, the court sentenced Spain to 360 months for the § 922(g) offense and a concurrent 240 months for the robbery offense. For the § 924(c) offense, the court sentenced Spain to a consecutive 120 months' imprisonment, for a total sentence of 480 months' imprisonment. Spain now appeals on the ground that his sentence is substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We

4

reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

After reviewing the record here, we conclude that Spain has not shown that his sentence was substantively unreasonable under these § 3553(a) factors. The

480-month sentence was within the guidelines range of 360 months to life and "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 787-88 (11th Cir. 2005). Moreover, the district court's conclusion that the sentence is "sufficient but not greater than necessary to achieve the statutory purposes of sentencing" is supported by Spain's criminal record, which includes multiple occasions of seriously injuring others. The record reflects that the court took all relevant factors and arguments into consideration, including the mitigating factors offered by Spain, and the weight to be assigned to any particular factor is left to the sound discretion of the district court absent a clear error of judgment. *Irey*, 612 F.3d at 1190. Based on the above, the sentence was substantively reasonable.

**AFFIRMED**.